IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANTHONY MICHAEL GRANDE<br>9101 New Falls Road, Apt. B2<br>Levittown, PA 19054 | : | |
| | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No.: |
| | : | |
| GRIFF AND ASSOCIATES, LP d/b/a | : | |
| GRIFF PAPER AND FILM | : | |
| 275 Lower Morrisville Road | : | **JURY TRIAL DEMANDED** |
| Fallsington, PA 19054 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Anthony Michael Grande (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Griff and Associates, LP d/b/a Griff Paper and Film (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), and the Pennsylvania Human Relations Act ("PHRA").[1]  Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and the PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.      Plaintiff is an adult who resides at the above-captioned address.

8.      Griff and Associates, LP d/b/a Griff Paper and Film is a manufacturer and distributor of paper and plastic products, with a facility at the above-captioned address.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed by Defendant for approximately 13 months, from on or about March 4, 2024, until his unlawful termination (discussed further *infra*) on or about April 24, 2025.

12.     Plaintiff worked as a warehouse associate (performing a labor-related role), out of Defendant's 780 Haunted Lane, Bensalem, PA 19020 (the "Bensalem location") and 275 Lower Morrisville Road, Fallsington, PA 19054 (the "Morrisville location") locations.

13.     Plaintiff primarily worked from the main (and larger) facility in the Morrisville location but was also sent to assist in the smaller Bensalem location due to staffing turnover.

14.     Plaintiff was primarily supervised by Chanse Firestone (hereinafter "Firestone") at both of the aforesaid locations.

15.     During his employment with Defendant, Plaintiff was an incredibly hard-working employee, who performed his job very well.

16.     Despite only being in his forties, Plaintiff has and continues to suffer from several ADA-qualifying disabilities, including but not limited to longstanding significant gastrointestinal ("GI") concerns, inclusive of chronic diverticulitis and irritable bowel syndrome ("IBS") (among other complications).  Plaintiff also has a history of Hyperlipidemia ("HLD"), Hepatitis C,

cirrhosis complications, back-related issues, Post-Traumatic Stress Syndrome ("PTSD"), attention-deficit/hyperactivity disorder ("ADHD"), panic and anxiety disorders.

17.    As a result of his aforesaid health conditions, Plaintiff suffers from pain, mobility issues, panic attacks, fatigue, and sleeplessness, which (at times) limits his ability to perform some daily life activities, such as sleeping, walking, focusing, digesting and processing food normally, and working (among other daily life activities).

18.    Despite Plaintiff's aforesaid health conditions and limitations, he was able to perform his job duties well; however, he (at times) required some reasonable medical accommodations.

19.    The primary accommodation Plaintiff needed was just to take off intermittent time for medical reasons and/or flareups.[2]

20.    Whenever Plaintiff needed time off for treatment of his medical conditions, medical appointments or flareups, he would properly call out consistent with Defendant's policies (typically documented via emails).  By way of example, but not considered an exhaustive sample, during his employment with Defendant, Plaintiff properly called out of work as follows:

   a.  3/7/24 – "This is Anthony Grande I am calling out today due to illness 3/27/24";

   b.  3/25/24 – "This is Anthony Grande I am calling out due to illness for Monday 3/25/2024";

   c.  5/6/24 – "This is Anthony Grande I am calling out for Monday 5/6/24 due to emergency Dr.'s visit";

---

[2] This is a nationally recognized form of medical accommodation. *See e.g.*, *Smith v. N. Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 525 (E.D.N.Y. 2018) ("[T]he Court finds [plaintiff] to be qualified within the meaning of the ADA with the reasonable accommodation of intermittent leave."); *Hall v. Wash. Metro. Area Transit Auth.*, 2020 U.S. Dist. LEXIS 183477, at *36 (D.D.C. 2020) (counting disability-related absences against plaintiff can constitute denial of a reasonable accommodation); *Westbrooks v. Baltimore Cty.*, 2019 U.S. Dist. LEXIS 140647, at *34 (D. Md. 2019)(reasonable jury could conclude employer failed to consider reasonable accommodation of absenteeism for employee).

d. 5/22/24 – "This is Anthony Grande I am calling out today 5/22/24 due to back injury";

e. 6/5/24 – "Anthony Grande – calling out 6/5/24 back injury";

f. 6/12/24 – "Anthony Grande calling out 6/12/24 due to illness";

g. 6/13/24 – "Anthony Grande call out 6/13/24 due to illness";

h. 6/14/24 – "Anthony Grande call out due to illness";

i. 7/18/24 – "Anthony Grande calling out today due to foot pain";

j. 8/12/24 – "Calling out due to vomiting and stomach pains";

k. 9/23/24 – "Anthony Grande call out 9/23/24. Stomach problems and going to urgent care";

l. 3/3/25 – "Anthony Grande calling out due to illness"; and

m. 3/19/25 – "Anthony Grande calling out due to doctor's appointments."

21. While Plaintiff had a handful of lateness or call outs for personal reasons, Plaintiff avers that 80-90% of his absences or lateness were due to aforesaid disabilities.

22. Plaintiff was very communicative with Firestone regarding his health conditions and/or time off for the same, and he would not only call out, but would also tell Firestone specifically (even if a day later) that he was calling out due to his disabilities or GI problems.

23. Most of the time Plaintiff took off on an intermittent basis was covered by PTO, and very little such time was not covered by PTO. Thus, Plaintiff's time off constituted a very reasonable accommodation (whether it was paid or unpaid).

24. Plaintiff also requested other accommodations at times during his employment with Defendant. For example, Plaintiff shared with Firestone that he would need occasional breaks, a

5

stool with wheels for when he was in too much pain to stand, and while infrequent – Plaintiff mentioned to Firestone when he occasionally needed to be a little late.

25.    To be clear, however, Plaintiff was an incredibly hard-working employee who (1) went to either physical location requested of him; (2) performed heavy-duty work such as shipping and receiving and other labor; (3) worked any hours of the day or weekends requested of him; and (4) he often worked well over 40 hours.

26.    Moreover, during his first year, Firestone initially advised Plaintiff that as long as he was a team player and keep working wherever needed, Firestone did not care how much time he needed to take off for his health conditions.

27.    In addition to his aforementioned disabilities, Plaintiff also rushed back in mid-2024 from an approximate 6-week medical leave (and while on light duty through the fall of 2024) after injuring his foot due to a worker's compensation injury (as an approximate 1,200-pound paper roll fell on him).

28.    Nonetheless, Firestone and/or other employees routinely harassed, mocked, or treated Plaintiff unfairly as a result of his aforementioned health conditions and/or requested medical accommodations.  For example, leading up to his unlawful termination:

   a. Firestone and coworkers routinely walked up behind Plaintiff and/or tried to scare Plaintiff by laying on a horn (such as on a forklift), which caused him to suffer from mini-meltdowns (flare-ups) and panic attacks, as Plaintiff suffers from a panic disorder and PTSD (set forth *supra*).  However, Firestone and Plaintiff's co-workers simply laughed at his reactions;

   b. Whenever Plaintiff suffered a flare-up of his mental health conditions, including panic attacks, Firestone just laughed and said, "you work in a warehouse" (and

other iterations of this comment) to excuse their harassing and discriminatory behavior; and

c. Firestone, in Plaintiff's last few months of employment with Defendant, asked on at least 3 occasions if Plaintiff could even work with so many health problems (as Plaintiff had been asking for a stool with wheels or telling Firestone when he was in too much pain and needed a break). Firestone questioned Plaintiff's ability to work in light of his disabilities, which he perceived to be outright discriminatory.

29. Plaintiff complained to Firestone on more than one occasion beginning in or about the summer of 2024 and leading up to his unlawful termination that what Firestone and the other employees were subjecting him to as set forth *supra* constituted "disability discrimination," but his concerned were ignored.

30. Subsequently, Plaintiff called out a few times in the month leading up to his unlawful termination, including on or about March 19, 2025, April 21, 2025, and April 22, 2025, as a result of doctors' appointments and/or because he was feeling ill because of his aforementioned health conditions.

31. Plaintiff was then completely blindsided and terminated on or about April 25, 2025, for allegedly having "too many points" related to absenteeism – despite that the majority of his call offs were for his aforementioned medical conditions.

32. Notably, Plaintiff requested information about taking FMLA leave from Firestone on multiple occasions leading up to his unlawful termination, to which Firestone initially replied that he did not know anything about FMLA.

33.     Firestone then later stated that he would have to reach out to Human Resources ("HR") Representative, Janice Vogt (hereinafter "Vogt") for information, but he never did, and Defendant's management never provided any information or documentation regarding the same.

34.     Therefore, Defendant failed to follow proper notice, designation, and informational regulations of the FMLA.

35.     Plaintiff would have become eligible for FMLA leave upon his one-year anniversary with Defendant on or about March 4, 2025.

36.     As a result, Plaintiff's absences on or about March 19, 2025, April 21, 2025, and April 22, 2025, for his medical conditions would have constituted FMLA-qualifying absences. However, instead of designating such absences as FMLA-qualifying leave or even asking Plaintiff about the nature of his call outs on these dates or giving him time to explain the same (as the majority of his call outs were for his aforesaid health conditions), Defendant abruptly terminated Plaintiff on or about April 25, 2025.

37.     Defendant's purported reason for Plaintiff's termination is direct evidence of discrimination and retaliation because (1) Firestone explicitly informed Plaintiff that he did not care how much time Plaintiff missed from work because he was such a "team player" and working so hard (literally going to either facility and in some ways performing supervisory duties in Bensalem); (2) the majority of the time Plaintiff missed (for his medical conditions) constituted a medical accommodation and should not have been counted against Plaintiff; (3) Plaintiff was complaining of discrimination in his last several months of employment with Defendant; and (4) Plaintiff was terminated in close proximity to his complaints of disability discrimination and/or utilization of reasonable accommodations (*i.e.*, breaks, stool with wheels, intermittent time off for medical reasons) and specifically for absences related to the same.

38. Defendant failed to properly accommodate Plaintiff by terminating him directly for requesting and/or utilizing intermittent and/or block time off for his disabilities.

39. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation, because of (1) his actual/perceived/record of health conditions; (2) his requests for reasonable accommodations (set forth *supra*); (3) Defendant's failure to properly accommodate his health conditions (set forth *supra*); and (4) his expressed concerns/complaints of discrimination and unfair treatment as a result of his disabilities.

40. Plaintiff also believes and therefore avers that his actual/perceived/record of health conditions were motivating and/or determinative factors in the termination of his employment with Defendant.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Hostile Work Environment; and [4] Failure to Accommodate)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

43. Plaintiff kept Defendant's management informed of his serious medical conditions and need for medical treatment and other accommodations.

44. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require some reasonable medical accommodations at times.

45.    Plaintiff requested reasonable accommodations from Defendant including but not limited to breaks as needed to rest, a stool with wheels for rest, and intermittent or block time off to care for and treat for his aforesaid health conditions.

46.    Plaintiff was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory treatment because of his aforesaid health conditions and requested accommodations.

47.    Plaintiff complained of the aforesaid discrimination and/or hostile work environment leading up to his unlawful termination, but his concerns were not properly investigated or addressed.

48.    Instead, Plaintiff was abruptly terminated from his employment with Defendant, on or about April 25, 2025, shortly after requesting/utilizing reasonable medical accommodations (*i.e.*, intermittent time off) and/or complaining about unfair treatment as a result of his health conditions, for completely false and pretextual reasons.

49.    Defendant failed to properly accommodate Plaintiff by terminating him directly for requesting and/or utilizing intermittent and/or block time off for his disabilities.

50.    Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation, because of (1) his actual/perceived/record of health conditions; (2) his requests for reasonable accommodations (set forth *supra*); (3) Defendant's failure to properly accommodate his health conditions (set forth *supra*); and (4) his expressed concerns/complaints of discrimination and unfair treatment as a result of his disabilities.

51.    Plaintiff believes and therefore avers that his disabilities were motivating and/or determinative factors in the termination of his employment with Defendant.

52.    These actions as aforesaid constitute violations of the ADA.

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
### (Retaliation & Interference)

53.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

55.     Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

56.     Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

57.     Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

58.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

59.     Plaintiff requested FMLA-qualifying leave for his serious health conditions prior to his termination.

60.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) failing to inform Plaintiff of his individualized FMLA rights, which constitutes a failure

11

to follow proper notice, designation, and information regulations of the FMLA; (4) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (5) making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA; and (6) failing to designate Plaintiff's requests for intermittent and/or block time off for his health conditions from in or about March 4, 2025, until his termination on or about April 25, 2025, as FMLA-qualifying or FMLA protected leave.

61.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.     Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____

Ari R. Karpf, Esq. (Attn. No. 91538)
8 Neshaminy Interplex, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated:   March 26, 2026

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Anthony Michael Grande | : | CIVIL ACTION |
| v. | : : | |
| Griff and Associates, LP d/b/a Griff Paper and Film | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| 3/26/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

***RELATED CASE IF ANY:*** Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

GRANDE, ANTHONY MICHAEL

**(b)** County of Residence of First Listed Plaintiff **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

GRIFF AND ASSOCIATES, LP D/B/A GRIFF PAPER AND FILM

County of Residence of First Listed Defendant **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 3/26/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____